# EXHIBIT "A"

FILED
C2017-0926C
5/25/2017 3:24:46 PM
Heather N. Kellar
Comal County
District Clerk
Accepted By:
Diana Alaniz

CAUSE NO. **C2017-0926C** _____

| | | |
|---|---|---|
| **DEBORAH WILLIAMS** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **V.** | § | **COMAL COUNTY, TEXAS** |
| | § | |
| | § | |
| **SAFECO INSURANCE COMPANY OF** | § | |
| **INDIANA** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| *Defendant* | § | |

## PLAINTIFF DEBORAH WILLIAMS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** Deborah Williams, (hereinafter referred to as "Plaintiff"), complaining of Safeco Insurance Company of Indiana, (hereinafter referred to as "Defendant") and for cause of action would respectfully show unto this Honorable Court and Jury as follows:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 2 of Texas Rule of Civil Procedure 190.3 and affirmatively pleads that this suit is not governed by the expedited-actions process of Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief of over $100,000.00.

### PARTIES

2. Plaintiff is an individual residing in Comal County, Texas.

3. Safeco Insurance Company of Indiana is a (foreign) insurance company engaging in the business of insurance in the State of Texas. Defendant may be served with process by serving its registered agent of

service, (Corporation Service Company), located at the following address: (211 East 7th Street Suite 620

Austin, TX 78701).

## JURISDICTION

4.   The Court has jurisdiction over this cause of action because the amount in controversy is within the

jurisdictional limits of the Court.

5.   The Court has jurisdiction over Defendant Safeco Insurance Company of Indiana because Defendant is a

(foreign) insurance company that engages in the business of insurance in the State of Texas and Plaintiff's

causes of action arise out of Defendant's business activities in the State of Texas.  Specifically, Safeco

Insurance Company of Indiana sought out and marketed for insurance in Texas and has "purposefully

availed" itself of the privilege of conducting activities in Texas.  *Kelly v. General Interior Constr., Inc.*,

301 S.W.3d 653, 660-61 (Tex. 2010).

## VENUE

6.   Venue is proper in Comal County, Texas, because the Property is situated in Comal County, Texas. TEX.

CIV. PRAC. & REM. CODE § 15.032.

## FACTS

7.   Plaintiff purchased a policy from Defendant Safeco Insurance Company of Indiana, (hereinafter referred

to as "the Policy"), which was in effect at the time of loss.

8.   The Policy was purchased to insure Plaintiff's property, (hereinafter referred to as "the Property"), which

is located at 1033 Rainbow Drive, Spring Branch, Texas 78070.

9.   Defendant Safeco Insurance Company of Indiana and/or its agent sold the Policy insuring the Property to

Plaintiff.

10. Plaintiff is a "consumer" as defined under the Texas Deceptive Trade Practices Act ("DTPA") because she is an individual who sought or acquired by purchase or lease, goods or services, for commercial, personal or household use.

11. On or about December 01, 2016, Plaintiff experienced a severe weather related event which caused substantial damage to the Property and surrounding homes and businesses in the area. The Property's damage constitutes a covered loss under the Policy issued by Defendant Safeco Insurance Company of Indiana. Plaintiff subsequently opened a claim on December 01, 2016 and Defendant Safeco Insurance Company of Indiana assigned an adjuster to adjust the claim.

12. Plaintiff reported a claim to Defendant on or around December 8, 2016. On December 21, 2016, Defendant sent an adjuster to inspect the property. Defendant estimated the replacement cost value ("RCV") of the damage to the property, which was revised to reflect the correct property, to be in the amount of $1,931.69, less the $1,344.00 deductible, resulting in a net claim of $587.69. On December 29, 2016, Defendant issued payment in the amount of $587.69.

13. Defendant failed to estimate for any roof damage. Instead, Defendant estimated for interior damages only. Specifically, with respect to the utility room, Defendant estimated for the removal and replacement of the paneling, baseboard, vinyl floor covering, as well as sealing and painting the paneling, painting the baseboard, and prepping the floor for the vinyl. With regard to the bathroom, Defendant estimated for the removal and replacement of the baseboard, painting the baseboard, and removing and replacing the vinyl flooring. Defendant's estimate fails to place the property in its pre-loss condition.

14. Defendant's conduct and failure to place the property in its pre-loss condition forced Mr. Du Toit to retain the legal services of McClenny Moseley & Associates, PLLC and the services of a professional estimate writer. Defendant wrongfully listed the wrong location of the damage and did not correct the estimate until Plaintiff' attorneys were involved.

15. Plaintiff' professional estimate writer inspected the property on or around February 23, 2017 and estimated the RCV of the damage was in the amount of $41,295.80. This amount stands in stark contrast to ASI's estimated RCV of $1,931.69 and highlights ASI's intent to prevent Plaintiff from receiving policy benefits as she is rightfully owed.

16. Further, Plaintiff' professional estimate writer found interior water damage to the property due to the storm on or around December 1, 2016 With respect to the dining room, the professional estimate writer estimated for the removal and replacement of the base shoe, laminate wood flooring, and underlayment. With respect to the kitchen, the professional estimate writer estimated for the removal and resetting of several appliances, light fixtures, countertops, and cabinetry. The professional estimate writer also estimated for the removal and replacement of the beam, window trim, ½-inch drywall, 5/8-inch drywall, batt insulation, acoustic ceiling texture, vinyl floor covering, and underlayment, as well as all necessary floor protections and preparing for sealing and painting the area with two coats of paint.

17. With respect to the outdoor playground set, the professional estimate writer estimated for cleaning the set with pressure/chemical spray and staining and finishing the deck. Plaintiff' professional estimate writer also estimated for removing and replacing the metal roofing of the storage building.

18. Thereafter, Defendant Safeco Insurance Company of Indiana wrongfully underpaid Plaintiff's claim and refused to issue a full and fair payment for the covered loss as was rightfully owed under the Policy.

19. Defendant made numerous errors in estimating the value of Plaintiff's claim, as exhibited by its assigned adjuster's method of investigation and estimation of Plaintiff's loss, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff. Defendant's assigned adjuster failed to fully quantify Plaintiff's covered losses, thus demonstrating that Defendant's assigned adjuster did not conduct a thorough investigation of Plaintiff's claim and/or intentionally adjusted Plaintiff's claim improperly.

20. Specifically, Defendant, independently and through its assigned adjuster, intentionally and knowingly conducted a substandard investigation of the Property. This is evidenced by Defendant's assigned adjuster's estimate, which failed to include all necessary items Plaintiff is entitled to under the Policy to place the Property in a pre-loss condition. These necessary items are covered and required under the International Building Code and/or International Residential Code, as adopted by the State of Texas in 2001.

21. In addition, the Occupational Safety and Health Administration ("OSHA") dictates, when working on buildings with "unprotected sides and edges" that "each employee on a walking/working surface (horizontal and vertical surface) with an unprotected side or edge which is 6 feet (1.8m) or more above a lower level *SHALL* be protected from falling by the use of guardrail systems, safety net systems, or personal fall arrest systems." Occupational Safety and Health Act of 1970 § 1926.501(b)(1) (emphasis added). This protection was intentionally not included or reflected within the scope of work provided by

Defendant for Plaintiff's damages to the Property as an attempt to further deny Plaintiff benefits owed under the Policy.

22. Defendant's estimate did not allow for adequate funds to cover the cost of repairs and therefore grossly undervalued all of the damages sustained to the Property. As a result of Defendant's conduct, Plaintiff's claim was intentionally and knowingly underpaid.

23. Defendant's assigned adjuster acted as an authorized agent of Defendant Safeco Insurance Company of Indiana. Defendant's assigned adjuster acted within the course and scope of their authority as authorized by Defendant Safeco Insurance Company of Indiana. Plaintiff relied on Defendant and Defendant's assigned adjuster to properly adjust the claim regarding the Property and to be issued payment to fix such damage, which did not happen and has not been rectified to date.

24. Defendant Safeco Insurance Company of Indiana failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy.   Specifically, Defendant refused to pay the full proceeds owed under the Policy. Due demand was made by Plaintiff for proceeds to be in an amount sufficient to cover the damaged Property.

25. Defendant and/or Defendant's assigned agent sold the Policy to Plaintiff, making various statements and representations to Plaintiff that the Property would be covered. Relying on the promises and representations made by Defendant and/or Defendant's assigned agent, Plaintiff filed a claim under the Policy with the belief that the Property would be covered after a severe weather event such as the one that damaged the Property.

26. All conditions precedent to recovery under the Policy had, and have, been carried out and accomplished by Plaintiff.

27. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of McClenny Moseley & Associates, PLLC, who is representing Plaintiff with respect to these causes of action.

## AGENCY

28. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

29. All acts by Defendant Safeco Insurance Company of Indiana were undertaken and completed by its officers, agents, servants, employees, and/or representatives. All such acts were either done with the full authorization or ratification of Defendant Safeco Insurance Company of Indiana and/or were completed in its normal and routine course and scope of employment.

30. Defendant and Defendant's assigned adjuster's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this subsection are made actionable by TEX. INS. CODE § 541.151.

31. Defendant is liable for the unfair and deceptive acts of its assigned adjuster because he/she meets the definition of a "person" as defined by the Texas Insurance Code. The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or inter insurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent,

broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added);

*see also Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.* 966 S.W.2d 482, 484 (Tex. 1998) (holding

an insurance company employee to be a person for the purpose of bringing a cause of action against them

under the Texas Insurance Code and subjecting them to individual liability).

## NEGLIGENCE

32. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing

paragraphs.

33. Plaintiff entrusted Defendant to properly adjust Plaintiff's insurance claim for the Property damage.

Defendant did not properly adjust the claim and misinformed Plaintiff of the severity of the Property

damage. Defendant had and owed a duty to ensure that the Property damage was properly adjusted.

Nevertheless, Defendant failed to ensure that Plaintiff's damage was properly adjusted. This failure is a

clear breach of Defendant's duty, and as a result, Plaintiff suffered significant injuries.

34. Defendant Safeco Insurance Company of Indiana and its assigned adjuster had and owed a legal duty to

Plaintiff to properly adjust all losses associated with the Property.  Defendant, individually and through

its assigned adjuster, breached this duty in a number of ways, including, but not limited to, the following:

  A. Defendant, individually and through its assigned adjuster, was to exercise due care in

    adjusting and paying policy proceeds regarding the Property;

  B. Defendant, individually and through its assigned adjuster, had a duty to competently and

    completely handle and pay all covered losses associated with the Property;

C.  Defendant, individually and through its assigned adjuster, failed to properly complete all adjusting activities associated with Plaintiff's damages; and,

D.  Defendant's acts, omissions, and/or breaches, individually and through its assigned adjuster, did great damage to Plaintiff, and were a proximate cause of Plaintiff's damages.

## BREACH OF CONTRACT

35. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

36. Defendant Safeco Insurance Company of Indiana's conduct constitutes a breach of the insurance contract made between Defendant Safeco Insurance Company of Indiana and Plaintiff. According to the Policy, which Plaintiff purchased, Defendant Safeco Insurance Company of Indiana had the absolute duty to investigate Plaintiff's damages, and pay Plaintiff policy benefits for the claims made due to the extensive storm-related damages.

37. As a result of the storm-related event, Plaintiff suffered extreme weather related damages. Despite objective evidence of weather related damages provided by Plaintiff and her representatives, Defendant Safeco Insurance Company of Indiana breached its contractual obligations under the Policy by failing to pay Plaintiff cost related benefits to properly repair the Property, as well as for related losses associated with the subject loss event.  As a result of this breach, Plaintiff has suffered additional actual and consequential damages.

## VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

38. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

39. Defendant and/or its assigned adjuster engaged in false, misleading, or deceptive acts or practices that constitute violations of the Texas Deceptive Trade Practices Act ("DTPA"), which is codified in the Texas Business and Commerce Code ("TEX. BUS. & COM. CODE"), including but not limited to:

    A.  Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law (TEX. BUS. & COM. CODE § 17.46(b)(12));

    B.  Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction (§ 17.46(b)(14));

    C.  Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had such information been disclosed (§ 17.46(b)(24));

    D.  Using or employing an act or practice in violation of the Texas Insurance Code (§ 17.50(a)(4));

    E.  Unreasonably delaying the investigation, adjustment, settlement offer and prompt resolution of Plaintiff's claim (TEX. INS. CODE § 541.060(a)(2)-(5));

    F.  Failure to properly investigate Plaintiff's claim (§ 541.060(7)); and/or

G. Hiring and relying upon a biased adjuster, in this case Defendant's assigned adjuster, to obtain a favorable, results-oriented report, and to assist Defendant in severely underpaying and/or denying Plaintiff's damage claim (TEX. BUS. & COM. CODE § 17.46(31)).

40. As described in this Original Petition, Defendant Safeco Insurance Company of Indiana represented to Plaintiff that her Policy and Safeco Insurance Company of Indiana's adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiff the right to recover proceeds. TEX. BUS. & COM. CODE § 17.46(b)(5).

41. As described in this Original Petition, Defendant Safeco Insurance Company of Indiana represented to Plaintiff that her Policy and Safeco Insurance Company of Indiana's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of § 17.46 (b)(7).

42. By Defendant Safeco Insurance Company of Indiana representing that they would pay the entire amount needed by Plaintiff to repair the damages caused by the weather related event and then not doing so, Defendant has violated §§ 17.46 (b)(5), (7), (12).

43. Defendant Safeco Insurance Company of Indiana has breached an express warranty that the damage caused by the storm-related event would be covered under Policy. This breach entitles Plaintiff to recover under §§ 17.46 (b) (12), (20); 17.50 (a)(2).

44. Defendant Safeco Insurance Company of Indiana's actions, as described herein, are unconscionable in that Defendant took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair

degree.   Therefore, Defendant's unconscionable conduct gives Plaintiff the right to relief under §
17.50(a)(3).

45. Defendant Safeco Insurance Company of Indiana's conduct, acts, omissions, and failures, as described in
    this Original Petition, are unfair practices in the business of insurance and are in violation of § 17.50
    (a)(4).

46. Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, and/or
    deceptive acts and/or practices, made by Defendant Safeco Insurance Company of Indiana, to her
    detriment.  As a direct and proximate result of Defendant's collective acts and conduct, Plaintiff has been
    damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff
    now sues.  All of the aforementioned acts, omissions, and failures of Defendant are a producing cause of
    Plaintiff's damages which are described in this Original Petition.

47. Because Defendant's collective actions and conduct were committed knowingly and intentionally, in
    addition to all damages described herein, Plaintiff is entitled to recover mental anguish damages and
    additional penalty damages, in an amount not to exceed three times such actual damages. § 17.50(b)(1).

48. As a result of Defendant's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has
    been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on
    her behalf.  Accordingly, Plaintiff also seeks to recover her costs and reasonable and necessary attorney's
    fees as permitted under § 17.50(d), as well as any other such damages to which Plaintiff may show herself
    to be justly entitled by law and in equity.

## VIOLATIONS OF THE TEXAS INSURANCE CODE

49. Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

50. Defendant and/or its assigned adjuster's actions constitute violations of the Texas Insurance Code ("TEX. INS. CODE"), Chapters 541 and 542, including but not limited to:

    A. Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue (TEX. INS. CODE § 541.060(a)(1));

    B. Failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear (§ 541.060(a)(2)(A));

    C. Failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim (§ 541.060(a)(3));

    D. Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiff (§ 541.060(a)(4));

    E. Refusing, failing, or unreasonably delaying a settlement offer on the basis that other coverage is available (§ 541.060 (a)(5));

    F. Refusing, to pay a claim without conducting a reasonable investigation with respect to the claim (§ 541.060(a)(7));

G. Forcing Plaintiffs to file suit to recover amounts due under the policy by refusing to pay all benefits due (§ 542.003(b)(5));

H. Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code (§ 541.061(5));

I. Engaging in false, misleading, and deceptive acts or practices under the DTPA (§541.151(2));

J. Failing to acknowledge receipt of the claim, commence any investigation of the claim, and request from the claimant all items, statements, and forms the insurer reasonably believes at that time will be required from the claimant no later than the 15th day after the receipt of notice of the claim (§ 542.055);

K. Failing to notify the claimant in writing of the acceptance or rejection of a claim no later than the 15th business day after the insurer receives all items, statements, and forms required by the insurer to secure a final proof of loss (§ 542.056(a));

L. Failing to state the reasons for rejection (§ 542.056(c));

M. Failing to notify the claimant of the reasons that the insurer needs 45 days in additional time to accept or reject the claim (§ 542.056(d));

N. Failing to pay a claim not later than the 5th business day after the date of notice of acceptance was made (§ 542.057); and/or

O. Failing to pay a valid claim after receiving all reasonably requested and required items from the insured. (§ 542.058(a)).

51. By its acts, omissions, failures and conduct, Defendant Safeco Insurance Company of Indiana has engaged in unfair and deceptive acts and practices in the business of insurance. Plaintiff, the insured and beneficiary, has a valid claim as a result of her detrimental reliance upon Defendant Safeco Insurance Company of Indiana's unfair or deceptive acts or practices. § 541.151(2).

52. Defendant's aforementioned conduct compelled Plaintiff to initiate this lawsuit to recover amounts due under the Policy, by offering substantially less than the amount ultimately recovered. Defendant refused to offer more than the grossly undervalued estimates prepared by Defendant Safeco Insurance Company of Indiana and/or Defendant's assigned adjuster, despite knowing the actual damages were much greater than what was offered. Defendant's continued refusal to offer compelled Plaintiff to file suit. § 542.003(5).

53. Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Defendant Safeco Insurance Company of Indiana's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times the amount of actual damages, for Defendant having knowingly, intentionally and/or negligently committed said actions and conduct. § 541.152.

54. As a result of Defendant Safeco Insurance Company of Indiana's unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on her behalf. Accordingly, Plaintiff also seeks to recover her costs and reasonable

and necessary attorney's fees as permitted under TEX. BUS. & COM. CODE § 17.50(d) or TEX. INS.

CODE § 541.152 and any other such damages to which Plaintiff may show herself justly entitled by law

and in equity.

## BREACH OF THE COMMON LAW DUTY
## OF GOOD FAITH & FAIR DEALING

55. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

56. From and after the time Plaintiff's claim was presented to Defendant Safeco Insurance Company of

Indiana, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was

more than reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being

no basis whatsoever on which a reasonable insurance company would have relied on to deny full payment.

Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing. *See Viles*

*v. Security National Ins. Co.,* 788 S.W.2d 556, 567 (Tex. 1990) (holding that an insurer has a duty to its

insureds to "investigate claims thoroughly and in good faith" and an insurer can only deny a claim after a

thorough investigation shows that there is a reasonable basis to deny that claim).

57. For the breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory

damages, including all forms of loss resulting from Defendant's breach of the duty, such additional costs,

economic hardship, losses due to nonpayment of the amount owed to Plaintiff, and/or exemplary damages

for emotional distress.

## KNOWLEDGE

58. Each of the acts described above, together and singularly, were done "knowingly" and "intentionally," as the terms are used in the Texas Insurance Code, and were a producing cause of Plaintiff's damages described herein.

## DAMAGES

59. Plaintiff will show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

60. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney's fees.

61. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefit that should have been paid pursuant to the Policy, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages. TEX. INS. CODE § 541.152.

62. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, interest on the claim at the rate of eighteen (18) percent per year, together with attorney's fees. § 542.060.

63. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, and/or exemplary damages for emotional distress.

64. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firm whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

65. Defendant's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

66. More specifically, Plaintiff seeks monetary relief, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees, (in excess of $200,000.00 but less than $1,000,000.00).

## ADDITIONAL DAMAGES & PENALTIES

67. Defendant's conduct was committed knowingly and intentionally.  Accordingly, Defendant is liable for additional damages under the DTPA, TEX. BUS. & COM. CODE § 17.50(b)(1), as well as all operative provisions of the Texas Insurance Code.  Plaintiff is clearly entitled to the 18% damages allowed under TEX. INS. CODE § 542.060.

## ATTORNEY'S FEES

68. In addition, Plaintiff is entitled to all reasonable and necessary attorney's fees pursuant to the Texas Insurance Code, DTPA, and TEX. CIV. PRAC. & REM. CODE §§ 38.001-.005.

## COMPEL MEDIATION

69. Pursuant to TEX. INS. CODE § 541.161 and TEX. BUS. & COM. CODE § 17.5051, Plaintiff requests that Defendant be made to mediate no later than the 30th day of the signed order, following the 90th day after the date for which this pleading for relief is served upon Defendant.

## JURY DEMAND

70. Plaintiff demands a jury trial, consisting of citizens residing in Comal County, Texas, and tenders the appropriate fee with this Original Petition.

## DISCOVERY

71. Texas Rule of Civil Procedure 47 has been met in this petition. As such, Plaintiff requests that Defendant respond to the Requests for Disclosure, Requests for Production and Interrogatories contained herein:

## I. REQUESTS FOR DISCLOSURE

1. Pursuant to the Texas Rules of Civil Procedure, Plaintiff request that Defendant Safeco Insurance Company of Indiana, disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to do so within 50 days of this request.

## II. REQUESTS FOR PRODUCTION

1. Please produce Safeco Insurance Company of Indiana's complete claim files from the home, regional and local offices, as well as third party adjusters/adjusting firms regarding the subject claim, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim.

2. Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

3. Please produce a certified copy of the insurance policy pertaining to the claim made subject of this lawsuit, including all underwriting files and insurance applications sent on behalf of Plaintiff in her attempt to secure insurance on the Property, which is the subject of this suit.

4.  Please produce the electronic diary, including the electronic and paper notes made by Safeco Insurance Company of Indiana's claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claim.

5.  Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claim or the Property, which is the subject of this suit.

6.  Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

7.  Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the Property, which is the subject of this suit.

8.  Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim.

9.  Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether Safeco Insurance Company of Indiana intends to offer these items into evidence at trial.

10. Please produce all communications, correspondence, documents and emails between any and all assigned adjusters and/or agents and the Plaintiff, not limited to physical or audio recordings of all conversations between Plaintiff and any and all assigned adjusters and/or agents.

11. Please produce all audio recordings or transcripts of conversations, calls, text, email or any other data sent to and from Plaintiff by any and all assigned adjusters and/or agents after their letter of representation sent by counsel.

12. Please provide copies of all marketing material sent on behalf of Safeco Insurance Company of Indiana and/or its agents after the date of loss of the Property, which is the subject of this suit.

13. Please provide all correspondence between Safeco Insurance Company of Indiana and its assigned adjuster, and all correspondence between Safeco Insurance Company of Indiana and its assigned agents, after the date of loss of the Property, which is the subject of this suit.

## III. INTERROGATORIES

1. Please identify any person Safeco Insurance Company of Indiana expects to call to testify at the time of trial.

2. Please identify the persons involved in the investigation and handling of Plaintiff's claim for insurance benefits arising from damage relating to the underlying event, claim or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

3. If Safeco Insurance Company of Indiana or Safeco Insurance Company of Indiana's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by Safeco Insurance Company of Indiana or any of Safeco Insurance Company of Indiana's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

4. Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of Safeco Insurance Company of Indiana's investigation.

5. Please state the following concerning notice of claim and timing of payment:

a. The date and manner in which Safeco Insurance Company of Indiana received notice of the claim;

b. The date and manner in which Safeco Insurance Company of Indiana acknowledged receipt of the claim;

c. The date and manner in which Safeco Insurance Company of Indiana commenced investigation of the claim;

d. The date and manner in which Safeco Insurance Company of Indiana requested from the claimant all items, statements, and forms that Safeco Insurance Company of Indiana reasonably believed, at the time, would be required from the claimant pursuant to the investigation; and

e. The date and manner in which Safeco Insurance Company of Indiana notified the claimant in writing of the acceptance or rejection of the claim.

6. Please identify by date, amount and reason, the insurance proceeds payments made by Defendant, or on Defendant's behalf, to the Plaintiff.

7. Has Plaintiff's claim for insurance benefits been rejected or denied? If so, state the reasons for rejecting/denying the claim.

8. When was the date Safeco Insurance Company of Indiana anticipated litigation?

9. Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claim for insurance benefits been destroyed or disposed of? If so, please

identify what, when and why the document was destroyed, and describe Safeco Insurance Company of Indiana's document retention policy.

10. Does Safeco Insurance Company of Indiana contend that the insured's premises were damaged by storm-related events and/or any excluded peril? If so, state the general factual basis for this contention.

11. Does Safeco Insurance Company of Indiana contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

12. Does Safeco Insurance Company of Indiana contend that the Plaintiff failed to satisfy any condition precedent or covenant of the Policy in any way? If so, state the general factual basis for this contention.

13. How is the performance of the adjuster(s) involved in handling Plaintiff's claim evaluated? State what performance measures are used and describe Safeco Insurance Company of Indiana's bonus or incentive plan for adjusters.

## CONCLUSION

72. Plaintiff prays that judgment be entered against Defendant Safeco Insurance Company of Indiana and that Plaintiff be awarded all of her actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney's fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays she be awarded all such relief to which

she is due as a result of the acts of Defendant Safeco Insurance Company of Indiana, and for all such other

relief to which Plaintiff may be justly and rightfully entitled. In addition, Plaintiff requests the award of treble

damages under the Texas Insurance Code, attorney's fees for the trial and any appeal of this lawsuit, for all

costs of Court on her behalf expended, for pre-judgment and post-judgment interest as allowed by law, and

for any other and further relief, either at law or in equity, to which Plaintiff may show the herself to be justly

entitled.

RESPECTFULLY SUBMITTED,

/S/ CHIDI OHA
**McCLENNY MOSELEY & ASSOCIATES, PLLC**
James M. McClenny
State Bar No. 24091857
J. Zachary Moseley
State Bar No. 24092863
Chidi Oha
State Bar No. 24094877
411 N. Sam Houston Parkway E., Suite 200
Houston, Texas 77060
Principal Office No. 713-334-6121
Facsimile: 713-322-5953
James@mma-pllc.com
Zach@mma-pllc.com
Chidi@mma-pllc.com
**ATTORNEYS FOR PLAINTIFF**



**Comal County**
**Office of District Clerk**
**150 N. Seguin, Suite 304**
**New Braunfels, Texas 78130**



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
FOLD AT DOTTED LINE

**CERTIFIED MAIL**™

9171 9690 0935 0148 3672 15

CORPORATION SERVICE CO.
SAFECO
211 EAST 7TH STREET, STE 620
AUSTIN TX. 78701



neopost™
05/30/2017
US POSTAGE $006.62°

FIRST-CLASS MAIL

ZIP 78130
041L12203431

C2017-0926C
5/25/2017 3:24:46 PM
Heather N. Kellar
Comal County
District Clerk
Accepted By:
Diana Alaniz

## CIVIL PROCESS REQUEST

FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

**CASE NUMBER:** _____      **CURRENT COURT:** _____

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types):   Original Petition _____

**FILE DATE OF MOTION:**   05/25/2017 _____
                                                Month/        Day/        Year

**SERVICE TO BE ISSUED ON** (Please List Exactly As The Name Appears In The Pleading To Be Served):

1. NAME:  Safeco Insurance Company of Indiana _____

   ADDRESS:   211 East 7th Street Suite 620 Austin, TX 78701 _____

   AGENT, (*if applicable*):   Corporation Service Company _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*):   Citation _____

   **SERVICE BY** (*check one*):
   ☐ **ATTORNEY PICK-UP**                          ☐ **CONSTABLE**
   ☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____        Phone: _____
   ☐ **MAIL**                                      ☒ **CERTIFIED MAIL**
   ☐ **PUBLICATION:**
        Type of Publication:   ☐ **COURTHOUSE DOOR,  or**
                               ☐ **NEWSPAPER OF YOUR CHOICE:** _____
   ☐ **OTHER**, *explain* _____

*********************************************************************************************

****

2. NAME: _____

   ADDRESS: _____

   AGENT, (*if applicable*): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): _____

   **SERVICE BY** (*check one*):
   ☐ **ATTORNEY PICK-UP**                          ☐ **CONSTABLE**

   ☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____        Phone: _____

   ☐ **MAIL**                                      ☐ **CERTIFIED MAIL**

   ☐ **PUBLICATION:**
        Type of Publication:   ☐ **COURTHOUSE DOOR,  or**
                               ☐ **NEWSPAPER OF YOUR CHOICE:** _____

   ☐ **OTHER**, *explain* _____

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME:   Chidi Oha _____      TEXAS BAR NO./ID NO.   24094877 _____

MAILING ADDRESS:  411 N. Sam Houston Pkwy E., Suite 200, Houston, TX 77060 _____

PHONE NUMBER:   713 ___   334-6121 ___      FAX NUMBER:   713 ___   322-5953 ___
                 area code    phone number                     area code    fax number

EMAIL ADDRESS:   Chidi@mma-pllc.com _____

CIVC108 Revised 9/3/99

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION.  FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE. SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

ORIGINAL PETITION
_____  AMENDED PETITION
_____  SUPPLEMENTAL PETITION


COUNTERCLAIM
_____  AMENDED COUNTERCLAIM
_____  SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____  AMENDED CROSS-ACTION
_____  SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____  AMENDED THIRD-PARTY PETITION
_____  SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____  AMENDED INTERVENTION
_____  SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____  AMENDED INTERPLEADER
_____  SUPPLEMENTAL INTERPLEADER


INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER


BILL OF DISCOVERY:
    ORDER TO:  _____
                        (specify)

    MOTION TO:  _____
                        (specify)

PROCESS TYPES:

NON WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)


SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

CIVC108 Revised 9/2/99

FILED
C2017-0926C
5/25/2017 3:24:46 PM
Heather N. Kellar
Comal County
District Clerk
Accepted By:
Diana Alaniz

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* **C2017-0926C**    COURT *(FOR CLERK USE ONLY):*

STYLED **Deborah Williams v Safeco Insurance Company of Indiana**

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

| Name: | Email: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|

Name: Chidi Oha

Email: Chidi@mma-pllc.com

Address: 411 N. Sam Houston Pkwy. E.

Telephone: 713-344-6121

City/State/Zip: Suite 200, Houston, TX 77060

Fax: 713-322-5953

Signature: *Chidi Oha*

State Bar No: 24094877

Plaintiff(s)/Petitioner(s): **Deborah Williams**

Defendant(s)/Respondent(s): **Safeco Insurance Company of Indianda**

[Attach additional page as necessary to list all parties]

Person or entity completing sheet is:
- ☒ Attorney for Plaintiff/Petitioner
- ☐ Pro Se Plaintiff/Petitioner
- ☐ Title IV-D Agency
- ☐ Other:

Additional Parties in Child Support Case:

Custodial Parent:

Non-Custodial Parent:

Presumed Father:

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |

### Civil

**Contract**

*Debt/Contract*
- ☒ Consumer/DTPA
- ☐ Debt/Contract
- ☐ Fraud/Misrepresentation
- ☐ Other Debt/Contract:

*Foreclosure*
- ☐ Home Equity—Expedited
- ☐ Other Foreclosure
- ☐ Franchise
- ☐ Insurance
- ☐ Landlord/Tenant
- ☐ Non-Competition
- ☐ Partnership
- ☐ Other Contract:

**Injury or Damage**
- ☐ Assault/Battery
- ☐ Construction
- ☐ Defamation

*Malpractice*
- ☐ Accounting
- ☐ Legal
- ☐ Medical
- ☐ Other Professional Liability:
- ☐ Motor Vehicle Accident
- ☐ Premises

*Product Liability*
- ☐ Asbestos/Silica
- ☐ Other Product Liability List Product:
- ☐ Other Injury or Damage:

**Real Property**
- ☐ Eminent Domain/ Condemnation
- ☐ Partition
- ☐ Quiet Title
- ☐ Trespass to Try Title
- ☐ Other Property:

**Related to Criminal Matters**
- ☐ Expunction
- ☐ Judgment Nisi
- ☐ Non-Disclosure
- ☐ Seizure/Forfeiture
- ☐ Writ of Habeas Corpus— Pre-indictment
- ☐ Other:

**Employment**
- ☐ Discrimination
- ☐ Retaliation
- ☐ Termination
- ☐ Workers' Compensation
- ☐ Other Employment:

**Other Civil**
- ☐ Administrative Appeal
- ☐ Antitrust/Unfair Competition
- ☐ Code Violations
- ☐ Foreign Judgment
- ☐ Intellectual Property
- ☐ Lawyer Discipline
- ☐ Perpetuate Testimony
- ☐ Securities/Stock
- ☐ Tortious Interference
- ☐ Other:

### Family Law

**Marriage Relationship**
- ☐ Annulment
- ☐ Declare Marriage Void

*Divorce*
- ☐ With Children
- ☐ No Children

**Other Family Law**
- ☐ Enforce Foreign Judgment
- ☐ Habeas Corpus
- ☐ Name Change
- ☐ Protective Order
- ☐ Removal of Disabilities of Minority
- ☐ Other:

**Post-judgment Actions (non-Title IV-D)**
- ☐ Enforcement
- ☐ Modification—Custody
- ☐ Modification—Other

**Title IV-D**
- ☐ Enforcement/Modification
- ☐ Paternity
- ☐ Reciprocals (UIFSA)
- ☐ Support Order

**Parent-Child Relationship**
- ☐ Adoption/Adoption with Termination
- ☐ Child Protection
- ☐ Child Support
- ☐ Custody or Visitation
- ☐ Gestational Parenting
- ☐ Grandparent Access
- ☐ Parentage/Paternity
- ☐ Termination of Parental Rights
- ☐ Other Parent-Child:

### Tax
- ☐ Tax Appraisal
- ☐ Tax Delinquency
- ☐ Other Tax

### Probate & Mental Health

*Probate/Wills/Intestate Administration*
- ☐ Dependent Administration
- ☐ Independent Administration
- ☐ Other Estate Proceedings

- ☐ Guardianship—Adult
- ☐ Guardianship—Minor
- ☐ Mental Health
- ☐ Other:

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:
- ☐ Appeal from Municipal or Justice Court
- ☐ Arbitration-related
- ☐ Attachment
- ☐ Bill of Review
- ☐ Certiorari
- ☐ Class Action
- ☐ Declaratory Judgment
- ☐ Garnishment
- ☐ Interpleader
- ☐ License
- ☐ Mandamus
- ☐ Post-judgment
- ☐ Prejudgment Remedy
- ☐ Protective Order
- ☐ Receiver
- ☐ Sequestration
- ☐ Temporary Restraining Order/Injunction
- ☐ Turnover

## 4. Indicate damages sought *(do not select if it is a family law case)*:
- ☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- ☐ Less than $100,000 and non-monetary relief
- ☐ Over $100, 000 but not more than $200,000
- ☒ Over $200,000 but not more than $1,000,000
- ☐ Over $1,000,000

Rev 2/13



**CIVIL CITATION-AGENT**
**THE STATE OF TEXAS**
C2017-0926C



TO: Safeco Insurance Company of Indiana
    upon whom process of service may be had by serving

CORP. SERVICE COMPANY
211 EAST 7TH STREET,  STE 620
AUSTIN, TX. 78701

Defendant, Greeting:

YOU HAVE BEEN SUED.  You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you. Said Plaintiff's ORIGINAL Petition was filed in said Court, on the  25th day of May, 2017 A.D. in this cause numbered C2017-0926C on the docket of said 274th District Court, and styled,

**DEBORAH WILLIAMS**
**VS.**
**SAFECO INSURANCE COMPANY OF INDIANA**

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's ORIGINAL Petition, accompanying this citation, and made a part hereof.

ATTORNEY FOR PLAINTIFF:      CHIDI OHA
                             411 N. SAM HOUSTON PARKWAY E, STE 200
                             HOUSTON, TX. 77060

The officer executing this writ shall forthwith serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

Issued and given under my hand and the seal of said court at New Braunfels, Texas, this the 26th day of May, 2017 A.D.

HEATHER N. KELLAR
DISTRICT CLERK
COMAL COUNTY, TEXAS
150 N. SEGUIN STE. 304
NEW BRAUNFELS, TEXAS 78130

By_____ , DEPUTY
                Lynda Lipke

9171 9690 0935 0148 3672 15

**RETURN OF SERVICE**
**CAUSE NO: C2017-0926C**

DEBORAH WILLIAMS

VS

SAFECO INSURANCE COMPANY OF INDIANA

Executed when copy is delivered:

This is a true copy of the original citation, was delivered to defendant _____,

on the _____ day of _____, 20_____.

_____, Officer

_____, County, Texas

By: _____, Deputy

**OFFICER'S RETURN**

Came to hand on the_____day of _____, 20_____, at_____ o'clock ____M., and executed in
_____ County, Texas, by delivering to each of the within named defendants, in person, a true copy of this
Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the plaintiff's
petition, at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE, COURSE & DISTANCE FROM COURTHOUSE |
|------|------|------|------------------------------------------|
|      |      |      |                                          |
|      |      |      |                                          |

And not executed as to the defendant,_____
the diligence used in finding said defendant, being:_____
and the cause or failure to execute this process is:
_____
and the information received as to the whereabouts of said defendant(s) being:
_____

FEES-Serving Petition and Copy $65.00                    _____, Officer

_____, County, Texas

By: _____, Deputy

_____, Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT,**

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall
sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff,
constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following
statement:

" My name is _____, my date of birth is _____, and my address is
            (First, Middle, Last)
_____.

(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____County, State of _____, on the _____day of _____.

_____          _____
      Declarant/Authorized Process Server                    (ID # & expiration of certification)

SUBSCRIBED AND SWORN TO BEFORE ME by the said_____this the _____day of
_____ 20_____to certify which witness my hand and seal of office.

_____

Notary Public, State of Texas

Notary's Name Printed:

_____

My commission expires_____





**CIVIL CITATION-AGENT**
**THE STATE OF TEXAS**
C2017-0926C

TO: Safeco Insurance Company of Indiana
upon whom process of service may be had by serving

CORP. SERVICE COMPANY
211 EAST 7TH STREET,  STE 620
AUSTIN, TX. 78701

Defendant, Greeting:

YOU HAVE BEEN SUED.  You may employ an attorney. If you or your attorney do not file a written answer with the
clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were
served this citation and petition, a default judgment may be taken against you. Said Plaintiff's ORIGINAL Petition
was filed in said Court, on the  25th day of May, 2017 A.D. in this cause numbered C2017-0926C on the docket of
said 274th District Court, and styled,

**DEBORAH WILLIAMS**
**VS.**
**SAFECO INSURANCE COMPANY OF INDIANA**

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's ORIGINAL Petition,
accompanying this citation, and made a part hereof.

ATTORNEY FOR PLAINTIFF:         CHIDI OHA
                                411 N. SAM HOUSTON PARKWAY E, STE 200
                                HOUSTON, TX. 77060

The officer executing this writ shall forthwith serve the same according to requirements of law, and the mandates
hereof, and make due return as the law directs.

Issued and given under my hand and the seal of said court at New Braunfels, Texas, this the 26th day of May, 2017
A.D.

HEATHER N. KELLAR
DISTRICT CLERK
COMAL COUNTY, TEXAS
150 N. SEGUIN STE. 304
NEW BRAUNFELS, TEXAS 78130
By_____, DEPUTY
Lynda Lipke

9171 9690 0935 0148 3672 15

**RETURN OF SERVICE**
**CAUSE NO: C2017-0926C**

DEBORAH WILLIAMS
VS
SAFECO INSURANCE COMPANY OF INDIANA

Executed when copy is delivered:
This is a true copy of the original citation, was delivered to defendant _____,
on the _____ day of _____, 20_____.

_____, Officer

_____, County, Texas

By: _____, Deputy

**OFFICER'S RETURN**

Came to hand on the_____day of _____, 20_____, at_____ o'clock_____M., and executed in
_____ County, Texas, by delivering to each of the within named defendants, in person, a true copy of this
Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the plaintiff's
petition, at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE, COURSE & DISTANCE FROM COURTHOUSE |
|------|------|------|------------------------------------------|
|      |      |      |                                          |
|      |      |      |                                          |

And not executed as to the defendant,_____
the diligence used in finding said defendant, being:_____
and the cause or failure to execute this process is:
_____
and the information received as to the whereabouts of said defendant(s) being:
_____

FEES-Serving Petition and Copy $65.00                    _____, Officer

_____, County, Texas

By: _____, Deputy

_____, Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT,**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall
sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff,
constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following
statement:
" My name is _____, my date of birth is _____, and my address is
           (First, Middle, Last)

_____.
(Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.
Executed in _____County, State of _____, on the _____day of _____.


_____        _____
     Declarant/Authorized Process Server              (ID # & expiration of certification)
SUBSCRIBED AND SWORN TO BEFORE ME by the said_____this the _____day of
_____ 20_____to certify which witness my hand and seal of office.


                                         _____
                                         Notary Public, State of Texas
                                         Notary's Name Printed:

                                         _____
                                         My commission expires_____

C2017-0926C
6/26/2017 9:29 AM
Heather N. Kellar
Comal County
District Clerk
Accepted By:
Lynda Lipke

## CAUSE NO. C2017-0926C

| | | |
|---|---|---|
| DEBORAH WILLIAMS | § | IN THE DISTRICT COURT |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | COMAL COUNTY, TEXAS |
| | § | |
| SAFECO INSURANCE COMPANY OF | § | |
| INDIANA | § | |
| **Defendant** | § | 274th JUDICIAL DISTRICT |

## DEFENDANT SAFECO INSURANCE COMPANY OF INDIANA'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Safeco Insurance Company of Indiana ("Safeco") and files this Original Answer to Plaintiff's Original Petition and for such would respectfully show the Court the following:

### I.
### GENERAL DENIAL

Pursuant to TEX. R. CIV. P. 92, Safeco denies each and every, all and singular, the allegations set forth in Plaintiff's Original Petition and demands strict proof thereof by a preponderance of the evidence at the final trial of this case.

### II.
### AFFIRMATIVE DEFENSES

**Appraisal.** Safeco further avers and asserts that Plaintiff has failed to satisfy all conditions precedent to bringing this suit under her homeowners' insurance policy. Specifically, Safeco reserves its right to invoke the policy's appraisal provision to resolve issues regarding the amount of loss and denies any intent to waive this right.

WHEREFORE, PREMISES CONSIDERED, Defendant Safeco Insurance Company of Indiana respectfully prays that upon final hearing hereof, Plaintiff take nothing by reason of this action, that Safeco be awarded its costs of court, and for such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

**HANNA & PLAUT, L.L.P.**
211 East Seventh Street, Suite 6000
Austin, Texas  78701
Telephone:   (512) 472-7700
Facsimile:   (512) 472-0205

By: _____
Catherine L. Hanna
State Bar No. 08918280
Email:  channa@hannaplaut.com
J. Todd Key
State Bar No. 24027104
Email:  tkey@hannaplaut.com

**ATTORNEYS FOR DEFENDANT SAFECO INSURANCE COMPANY OF INDIANA**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been delivered by e-service and/or facsimile on this 26th day of June, 2017 to:

*Via Facsimile (713)322-5953*
James M. McClenny
J. Zachary Mosely
Chidi Oha
McCLENNY MOSELEY & ASSOCIATES, PLLC
411 N.  Sam Houston Parkway E., Suite 200
Houston, Texas 77060
*Attorneys for Plaintiff*

_____
J. Todd Key